SHELDON PIGOTT AND WIFE, JANICE PIGOTT v. THE CITY OF WILMINGTON AND A. HAYWOOD ROWAN, CHIEF BLDG. INSPECTOR FOR THE CITY OF WILMINGTON

No. 805DC421

(Filed 20 January 1981)

**Public Officers §§ 1, 9; State § 4.1— building inspector — public official — no liability for simple negligence**

The chief building inspector of the City of Wilmington was a "public official" of the City, and he was engaged in the performance of governmental duties involving the exercise of judgment and discretion in determining whether plaintiffs' greenhouses were constructed in compliance with the applicable law. Therefore, the building inspector could not be liable to plaintiffs in an action based on his inspection of plaintiffs' greenhouses where there was neither sufficient allegation nor forecast of evidence that the inspector acted maliciously or corruptly or that he acted outside of and beyond the scope of his duties, and summary judgment dismissing the action as to him was proper.

APPEAL by plaintiffs from *Carter Lambeth, Judge.* Judgment entered 20 November 1979 in District Court, NEW HANOVER County. Heard in the Court of Appeals 16 October 1980.

Plaintiffs seek damages in the sum of $8,000.00 from the City of Wilmington and its Chief Building Inspector, A. Haywood Rowan (hereinafter Rowan), on account of the alleged negligent conduct of Rowan. In their complaint plaintiffs alleged the following:

On or about 1 September 1977 plaintiffs had two (2) small greenhouses constructed on property which they owned in the city of Wilmington. On or about 10 May 1978 Rowan informed them that they had failed to obtain the necessary building permits for the construction of the greenhouses, and that "the greenhouses did not meet necessary building codes." Rowan further informed them that the greenhouses "would have to be brought up to code within 10 days or removed within 30 days." Plaintiffs requested and received an additional 30 day period in which to comply with Rowan's demand; and at his demand they then demolished the greenhouses, "resulting in a loss to themselves of approximately . . . $8,000.00."

After the greenhouses had been demolished, Rowan informed plaintiffs that if the greenhouses were less than 400 square feet in area, "they could be built using any type construction and no permit was required." One of the greenhouses was 216 square feet in area, and the other was 448 square feet. Thus, one was not covered by the building code; and the other could have been brought into conformity "at a relatively nominal price without it being completely destroyed."

Based on the foregoing, plaintifffs contended that Rowan was negligent in that "[h]e failed to properly interpret the law and the building code pertaining to the greenhouses owned by the plaintiffs" and "he illegally required that the plaintiffs demolish the greenhouses."

In their answer defendants alleged, *inter alia*, that Rowan

as Chief Building Inspector of the City of Wilmington, North Carolina, is a public official of the City of Wilmington, North Carolina. As such, he is immune from civil liability for his official acts, unless committed with malice or corruption. Plaintiffs have failed to allege any such malice or corruption in the actions of the Chief Building Inspector and, as such, their Complaint against the Chief Building Inspector should be dismissed.

Defendants subsequently moved for summary judgment dismissing the action as to defendant Rowan on the basis of this allegation in their answer.

From the granting of the motion for summary judgment dismissing the action as to defendant Rowan, plaintiffs appeal.

*Franklin L. Block for plaintiff appellants.*

*Martin & Wessell, by John C. Wessell, III, for defendant appellees.*

WHICHARD, Judge.

In *Smith v. State,* 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976), Chief Justice Sharp, writing for our Supreme Court, stated the following:

[A]s this Court said in *Smith v. Hefner,* 235 N.C. 1, 7, 68 S.E. 2d 783, 787 (1952), "It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. The rule in such cases is that an official may not be held liable *unless it be alleged and proved* that his act, or failure to act, was corrupt or malicious (citations omitted), or that he acted outside of and beyond the scope of his duties." (Emphasis added.) As long as a public officer lawfully exercises the judgment and discretion with which

he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability.

The Court in *Smith*, applying the foregoing statement in ruling on the denial of defendants' motion to dismiss, found that while the allegations there did not *in totidem verbis* allege malice or corruption on the part of defendants, they were "in the broad and general terms permitted by G.S. 1A-1, Rule 8(a)" sufficient to withstand the motion.

Plaintiffs' complaint here, like the complaint in *Smith,* fails to allege *in totidem verbis* that the actions of defendant Rowan were "corrupt or malicious." In comparing the complaint here with that in *Smith,* we find that it also lacks allegations such as those which the Court there found sufficient to withstand the motion to dismiss.[1] Moreover, plaintiffs' answers to interrogatories and affidavit in response to the motion for summary judgment in no way forecast evidence of malice or corruption in Rowan's actions. *See Cone v. Cone,* 50 N.C. App. 343, 274 S.E.2d 341 (1981); *Best v. Perry,* 41 N.C. App. 107, 109-110, 254 S.E.2d 281, 284 (1979); 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). There being, then, neither sufficient allegation nor forecast of evidence that Rowan acted maliciously or corruptly, he could not be liable to plaintiffs, and the granting of summary judgment dismissing the action as to him was thus proper, if at the time he performed the actions complained of he: (1) was "a public official" of the city of Wilmington, and (2) was "engaged in the performance of governmental duties involving the exercise of judgment and discretion."

Our research discloses no North Carolina cases determinative of these issues. By way of general authority, in 62 C.J.S., Municipal Corporations, § 463 at 895-896 (1949), we find the following:

The courts have stated certain tests and distinctions [for deciding whether a person is an officer or merely an agent or employee of a municipality], such as that a municipal office is created only by legislation ... while the relation of an employee to a municipal corporation is based solely on contract; that an officer is generally required to take an

---

[1] The allegations there are summarized by the Court in *Smith,* 289 N.C. at 305-306, 222 S.E.2d at 414-415.

oath of office ... while an agent or employee is not required to do so; that an officer performs public functions delegated to him as part of the sovereign power of the state ... while no share of the sovereign powers or functions of the government is vested in an employeee; that official trust or responsibility is imposed by law on an officer ... but not on an employee; that the law prescribes and imposes the duties of an officer ... but not those of an employee; that an officer is charged with fixed, public duties ... while the duties of an employee are of nongovernmental nature, and are neither certain nor permanent; that an officer is sometimes vested with a certain measure of discretion ... whereas the duties of an employee are purely ministerial; and that an officer is empowered to act in the discharge of a duty or legal authority in official life, whereas an employee does not discharge independent duties, but acts by the direction of others.

In applying these tests to the position of chief building inspector for the city of Wilmington, we find that the position accords with the criteria set forth. First, the position of chief building inspector is "created . . . by legislation" which authorizes every city in North Carolina to create a building inspection department, to appoint inspectors and to give the inspectors so appointed titles "generally descriptive of the duties assigned." G.S. 160A-411 (Supp. 1979). Second, the chief building inspector is "required to take an oath of office." Wilmington City Charter § 9.6 (Supp. 1979).[2] Third, the chief building inspector performs "public functions delegated to him as part of the sovereign power of the state"; "official trust or responsibility is imposed by law" on him; "the law prescribes and imposes the duties" he must perform; and he is "charged with fixed, public duties" and "empowered to act in the discharge of a duty or legal authority in

---

[2] Sec. 9.6. Oath of office required.

Before entering upon the discharge of their duties, the holders of the following offices and positions shall be required to take the oath prescribed for public officers before some person authorized to administer oaths: The city manager, assistant city manager, city clerk, tax collector, any assistant city clerk or assistant tax collector, city treasurer, chief of police and each member of the police force, the building inspector and all employees empowered to enforce the Building Code, and the electrical inspector and all employees empowered to enforce the Electrical Code.

Pigott v. City of Wilmington

official life." *See* G.S. 160A-411 to -438; Wilmington City Code § 6-8 (Supp. 1979).[3] Fourth, the chief building inspector is "vested with a certain measure of discretion." North Carolina General Statutes, Chapter 160A, part 5 contains numerous provisions which can only be interpreted as placing discretionary powers in the inspectors designated and appropriately entitled by the cities of this State.[4]

We thus conclude, and so hold, that the chief building inspector for the city of Wilmington is "a public official" of that city. We further conclude, and so hold, that at the time of the acts complained of here defendant Rowan, as chief building inspector for the city of Wilmington, was acting in the performance of duties assigned to him by General Statutes chapter 160A, part 5, and by the Wilmington City Code, which duties involved the exercise of his discretion in determining whether plaintiffs' greenhouses were constructed in compliance with applicable law.[5] He was thus "engaged in the performance of governmental duties involving the exercise of judgment and discretion."

Because the defendant Rowan was at the time he performed the acts complained of "a public official . . . engaged in the performance of governmental duties involving the exercise of judgment and discretion," plaintiffs were required to allege and to forecast evidence tend-

---

[3] Sec. 6-8. Powers and duties generally.

The building inspector shall have all of the powers and duties provided by the laws of the state and the provisions of this Code and other ordinances of the city in the conduct of his official duties.

[4] G.S. 160A-420 provides that inspectors "shall make as many inspections ... as may be necessary to *satisfy them* that the work is being done according to ... applicable ... laws and ... the terms of the permit."

G.S. 160A-423 provides that the "inspector shall make a final inspection, and *if he finds* that the completed work complies ... he shall issue a certificate of compliance."

G.S. 160A-425 provides that when the *"inspector finds* any defects," he is to notify the owner or occupant.

G.S. 160A-426 provides that "[e]very building which *shall appear to the inspector* to be especially dangerous ... shall be held to be unsafe ...."

G.S. 160A-429 provides that if *"the inspector shall find* that the building ... constitutes a ... hazard," he shall order remedial steps taken. (Supp. 1979).

(Emphasis supplied *passim*.)

[5] Reference is made to the statutory authorization and description of duties set forth in footnote four above.

ing to prove "that his act . . . was corrupt or malicious . . . or that he acted outside of and beyond the scope of his duties" in order to withstand the motion for summary judgment. *Smith*, 289 N.C. at 331, 222 S.E.2d at 430. This they failed to do. Consequently the trial court properly entered summary judgment dismissing the action as to defendant Rowan, and its judgment is

Affirmed.

Judges CLARK and WEBB concur.