EEE-ZZZ LAY DRAIN COMPANY, PLAINTIFF v. NORTH CAROLINA DEPART-
MENT OF HUMAN RESOURCES; TRANSYLVANIA COUNTY HEALTH
DEPARTMENT; STEVEN BERKOWITZ, INDIVIDUALLY; STEVE
STEINBECK, INDIVIDUALLY; AND TERRY PIERCE, INDIVIDUALLY

No. 9129SC882

(Filed 3 November 1992)

1. Appeal and Error § 118 (NCI4th)— denial of summary adjudication motion—immunity as basis—immediate appealability

If immunity is raised as a basis in a motion for summary adjudication, a substantial right is affected and the denial of the motion is immediately appealable.

Am Jur 2d, Appeal and Error § 856.

2. State § 4 (NCI3d) — suit against agency — suit against State barred by governmental immunity

A suit against the Department of Environment, Health, and Natural Resources was a suit against the State which was barred by the doctrine of governmental immunity.

Am Jur 2d, States, Territories, and Dependencies § 104.

3. State § 4 (NCI3d) — local health department — immunity from suit

Local health departments are agents of the State which are immune from suit.

Am Jur 2d, Administrative Law § 804.

4. Public Officers § 9 (NCI3d) — director of local health department — public officer — immunity except for malice — no malice shown

The individual defendant, as director of a local health department, was a public officer, immune from suit except upon a showing of malice which plaintiff failed to make in this case based on defendant's refusal to issue plaintiff an unrestricted permit for installation of his innovative sewage disposal system.

Am Jur 2d, Administrative Law § 803.

5. Public Officers § 9 (NCI3d) — State agency employees — public employees — liability for negligence — no negligence shown

Two employees of the North Carolina Department of Environment, Health, and Natural Resources were public employees rather than public officers and thus were subject to liability for mere negligence in the performance of their jobs; however, plaintiff failed to show any negligence on their part in his action arising from defendants' failure to issue an unrestricted permit for installation of plaintiff's innovative sewage disposal system.

Am Jur 2d, Public Officers and Employees §§ 363, 375.

APPEAL by defendants from order denying defendants' motions to dismiss and for summary judgment signed 10 June 1991 by *Judge Loto Greenlee Caviness* in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 21 September 1992.

*West and Banks, by Phillip S. Banks, III, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for defendants-appellants North Carolina Department of Human Resources (now, North Carolina Department of Environment, Health, and Natural Resources), Steven Berkowitz and Steve Steinbeck.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr., for defendants-appellants Transylvania County Health Department and Terry Pierce.*

LEWIS, Judge.

By this appeal we evaluate whether the trial court properly denied defendants' motions to dismiss and for summary judgment based upon immunity. We hold that the trial court erred in denying these motions, and therefore reverse and remand.

This case centers around an innovative sewage system invented and patented by the owners of plaintiff EEE-ZZZ Lay Drain Company. Plaintiff is in the business of designing, building, selling and servicing sewage systems. Plaintiff designed a new type of nitrification trench and line. A nitrification line typically uses gravel or small porous rocks in the trenches as a means of absorbing and distributing sewage into the soil. Plaintiff's system, by contrast, uses a polystyrene aggregate in this process.

Plaintiff sought to get its new nitrification method approved for use in Transylvania County, so it contacted the local health department and requested an inspection of its system. Defendant Terry Pierce, the Director of the Transylvania County Health Department, testified in his affidavit that no one affiliated with the local health department had the requisite technical expertise to properly evaluate the effectiveness of the system. Therefore, pursuant to 15A N.C. Admin. Code 18A .1964(b) (1990), the local department requested technical assistance from the North Carolina Department of Human Resources (now, North Carolina Department of Environment, Health, and Natural Resources, and hereinafter "DEHNR"). According to affidavits of the individual defendants from DEHNR, the plaintiff has not submitted the additional substantiating data they requested. The defendants contend that, in the absence of adequate information, they are unable to issue the unrestricted improvement permit which would allow the plaintiff to install and

utilize its new sewage system. On the basis of these simplified facts, plaintiff sued defendants.

[1] Defendants made motions for summary judgment and to dismiss based upon the doctrines of sovereign and governmental immunity. The court denied those motions, and defendants appealed.

Generally, the denial of a motion to dismiss or for summary judgment is interlocutory and not immediately appealable. However, recent case law clearly establishes that if immunity is raised as a basis in the motion for summary adjudication, a substantial right is affected and the denial is immediately appealable. *Herndon v. Barrett*, 101 N.C. App. 636, 400 S.E.2d 767 (1991); *see also Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992) (denial of motion for summary judgment based on immunity defenses to a 42 U.S.C. § 1983 action is immediately appealable). Here the defendants assert immunity as a defense; the appeal from the denial of their motions is therefore properly before this Court.

Next we discuss the merits of defendants' immunity arguments. The general rule, long recognized in North Carolina, is that the doctrine of sovereign immunity precludes suit against the State and its agencies unless the State has consented to be sued or waived its right. *Smith v. State*, 289 N.C. 303, 309, 222 S.E.2d 412, 417 (1976). Such waiver is manifested by the purchase of liability insurance, *see Baucom's Nursery Co. v. Mecklenburg County*, 89 N.C. App. 542, 544, 366 S.E.2d 558, 560, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 274 (1988); to the extent of the applicability of the Tort Claims Act pursuant to N.C.G.S. § 143-291 *et seq.*; and when the State breaches a contract into which it validly entered. *Smith*, 289 N.C. 303, 222 S.E.2d 412. Because none of these applies in the present case, we conclude there is no consent here, and evaluate the sovereign immunity claims against the individual defendants.

[2] I. Department of Environment, Health, and Natural Resources

The North Carolina Department of Environment, Health, and Natural Resources is the agency responsible for the regulation, collection and treatment of sewage in this State. N.C.G.S. § 130A-333 *et seq.* DEHNR is a defendant in the present case.

Even though much of the general regulatory procedures have been delegated to the local departments, we find it manifestly clear that, given its authority and powers, DEHNR is a State

agency. *See The Prudential Ins. Co. of America v. Powell*, 217 N.C. 495, 8 S.E.2d 619 (1940) (Court looked at authority and powers of Unemployment Compensation Commission when considering whether it is a State agency). Consequently, a suit against this agency is a suit against the State, and is therefore barred by the doctrine of governmental immunity. *Id.* at 500, 8 S.E.2d at 622; *see also Nello L. Teer Co. v. North Carolina State Highway Comm'n*, 265 N.C. 1, 143 S.E.2d 247 (1965).

**[3]**          II. Transylvania County Health Department

Counties are required by law to provide public health services and to operate a county health department. N.C.G.S. § 130A-34 (1989). Under the statutory scheme in place for the regulation of sanitary sewage systems, the local health departments are invested with a great deal of authority. It is up to the local health departments to issue improvement permits. N.C.G.S. §§ 130A-335(e), 336(b) (Cum. Supp. 1991); 15A N.C. Admin. Code 18A .1937. Along with DEHNR, the local health departments are also given the authority to impose conditions upon the issuance of permits and may revoke permits. *Id.* The rules promulgated pursuant to Chapter 130A, Article 11 of the General Statutes and found in Title 15A of the North Carolina Administrative Code specify with particularity the duties and powers of the local health departments as concerns sewage treatment and disposal systems.

After careful examination of the authority and duties imposed statutorily by the General Assembly upon the local health departments, we hold that they are agents of the State. *See Vaughn v. North Carolina Dep't of Human Resources*, 296 N.C. 683, 252 S.E.2d 792 (1979) (Court holding that the County Director of Social Services is an agent of the Social Services Commission of the Department of Human Resources with respect to placement of children in foster homes, given that the County Director has statutorily-imposed duties). Therefore, we hold that the Transylvania County Health Department is, like DEHNR, immune from suit.

III. Individual Defendants

A. Terry Pierce

**[4]**   When a governmental worker is sued in his individual capacity, our courts have distinguished between whether the worker is an officer or an employee when assessing liability. Public officers are shielded from liability unless their actions are corrupt or malicious.

*Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). On the other hand, public employees can be held personally liable for mere negligence. *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236, *disc. rev. denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). We must, therefore, first determine whether defendant Pierce is a public officer or a public employee.

The basic distinctions between officer and employee center upon whether the worker's position was created by the constitution or laws of the state, and upon whether the position's duties are discretionary or merely ministerial. *State v. Hord*, 264 N.C. 149, 141 S.E.2d 241 (1965). In *Pigott v. City of Wilmington*, 50 N.C. App. 401, 273 S.E.2d 752, *cert denied*, 303 N.C. 181, 280 S.E.2d 453 (1981), this Court noted that positions of public office are generally created by legislation and have fixed public duties and responsibilities prescribed by law. Officers typically must take an oath of office, and are usually vested with a measure of discretion. *Id.* at 404-05, 273 S.E.2d at 755.

Applying these tests, we conclude that Terry Pierce, as the Director of the Transylvania County Health Department, is a public officer. The appointment of local health directors is provided for in N.C.G.S. § 130A-40 (Cum. Supp. 1991), and the directors' duties and powers are set forth with particularity in N.C.G.S. § 130A-41, and more generally in N.C.G.S. § 130A-4(a). Furthermore, the statutory provisions invest Pierce, in his position as local health director, with certain discretionary powers, such that he must use personal deliberation and judgment. *See Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236. For example, N.C.G.S. § 130A-19 states that "*If the . . . local health director determines* that a public health nuisance exists, the . . . *local health director may issue an order of abatement.*" N.C.G.S. § 130A-19 (emphasis added); *see Pigott*, 50 N.C. App. at 405 n.4, 273 S.E.2d at 755 n.4. Finally, in his affidavit, defendant Pierce testified that he took an oath of office, administered by the clerk of court, whereby he swore to "faithfully discharge the duties of [his] office as Health Director."

Because defendant Pierce is a public officer, he is liable here only upon a showing of malice. We start with the presumption that the actions a public officer takes in the performance of his duties are regular and made in good faith. It is the plaintiff's burden to allege and forecast evidence tending to prove otherwise; or, that the act was corrupt or malicious or taken outside the

scope of defendant's duties. *Id.* at 406, 273 S.E.2d at 755. We can find no evidence whatsoever in the record tending to show, much less prove, that defendant Pierce acted maliciously or corruptly as concerns plaintiff. Therefore, we hold that Pierce is immune from liability in the present suit.

### B. Steven Berkowitz and Steve Steinbeck

[5] Because these defendants are sued in their individual capacities, we must use the same analysis as used for assessing defendant Pierce's liability. While the ultimate result is the same, we conclude that these defendants are public employees, not officers.

In his affidavit, Steven Berkowitz testified that he serves as the Senior Environmental Engineer in the On-Site Sewage Branch of the North Carolina Department of Environment, Health, and Natural Resources. He also testified as to the responsibilities and duties of his position. We note, however, that nowhere does Chapter 130A of the General Statutes make provisions for his particular position. Nor is there any indication that defendant Berkowitz's position required him to take an oath of office. Further, the position's duties appear to be ministerial in that they " 'involv[e] merely the execution of a specific duty arising from fixed and designated facts.' " *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236 (citing *Jensen v. S.C. Dep't of Social Services*, 297 S.C. 323, 377 S.E.2d 102 (1988) ).

Defendant Steve Steinbeck testified by affidavit that he is the Branch Head of the On-Site Sewage Branch of the North Carolina Department of Environment, Health, and Natural Resources. Again, this position does not appear to be established by law, nor does it require an oath of office. His duties appear to us to be more ministerial than discretionary in nature. We conclude, then, that both defendants Berkowitz and Steinbeck are public employees, and as such are subject to liability for mere negligence in the performance of their jobs. *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236 (citations omitted).

Upon examination of the complaint and record, we can ascertain no concrete evidence of negligence on the part of these defendants. Plaintiff's first cause of action is one for slander; however, neither the record nor plaintiff's attorney in oral argument could point to real evidence as to when defendants made defamatory statements or as to the specific content of any allegedly slanderous comments.

The same is true of the cause of action for interference with prospective contractual relations. Plaintiff was unable to point to any specific instance when these acts occurred, and this Court is unable to find any evidence of such in the record. We find no basis for believing that such a cause of action even exists in North Carolina. Finally, the record is similarly devoid of evidence pertaining to the equal protection cause of action. In the absence of evidence in support of these claims, this Court would be hard-pressed to rule that these individual defendants might have been negligent and thereby expose them to liability.

We hold that the trial court improperly denied defendants' motions for summary judgment as to all defendants. We therefore reverse the order and remand the cause to the Superior Court with instructions to enter summary judgment for these defendants and dismiss the action.

Reversed and remanded.

Judges COZORT and WYNN concur.