RAYMOND H. BLOCK AND DOROTHY M. BLOCK, PLAINTIFFS V. COUNTY OF PERSON; PERSON COUNTY HEALTH DEPARTMENT; THOMAS D. BRIDGES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE PERSON COUNTY HEALTH DEPARTMENT; MARC KOLMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE PERSON COUNTY HEALTH DEPARTMENT; CONNIE PIXLEY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ENVIRONMENTAL HEALTH SUPERVISOR WITH THE PERSON COUNTY HEALTH DEPARTMENT; WILL DUNN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ENVIRONMENTAL HEALTH SUPERVISOR WITH THE PERSON COUNTY HEALTH DEPARTMENT; RANDALL BARNETT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ENVIRONMENTAL HEALTH SPECIALIST WITH THE PERSON COUNTY HEALTH DEPARTMENT, DEFENDANTS

No. COA99-1306

(Filed 29 December 2000)

**1. Appeal and Error— appealability—denial of motion to dismiss—interlocutory order—substantial right—defense of governmental immunity**

Although generally the denial of a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) is an interlocutory order from which no appeal may be taken immediately, orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right.

**2. Public Officers and Employees— health department employees—environmental health specialist and supervisor—individual capacities—statement of claims**

Plaintiffs' complaint stated claims against a Health Department environmental health specialist and the supervisor of the Health Department in their individual capacities, because: (1) plaintiffs are seeking to recover monetary damages, and the complaint's caption shows such damages are sought from the health specialist and the supervisor in their individual and official capacities; and (2) even though a particular paragraph of the complaint states the actions were taken by defendants in the course and scope of their agency or employment, plaintiffs' complaint taken as a whole shows an unmistakable intent by plaintiffs to sue the health specialist and the supervisor in their individual and official capacities.

**3. Public Officers and Employees— health department employees—director of Health Department—individual capacity**

The trial court erred in a suit against defendants Person County, the Health Department, and individual defendants in

BLOCK v. COUNTY OF PERSON

[141 N.C. App. 273 (2000)]

their individual and official capacities by failing to dismiss plaintiffs' negligence claims brought against the director of the Health Department individually, because: (1) plaintiffs have not sued the director individually when the complaint lists the director in his official capacity; and (2) the allegations and prayer for relief in the complaint state a claim against the director in his official capacity.

**4. Public Officers and Employees— health department employees—environmental health specialist and supervisor—public employees**

The trial court properly denied defendants' motion to dismiss the negligence claims against the environmental health specialist and the supervisor with the Health Department in their individual capacities, because these positions fall under the category of public employees instead of public officials based on the facts that: (1) only the position of director of a county health department is set forth by statute; (2) neither defendant exercises any sovereign power and their duties are ministerial; and (3) our courts have already held that a supervisor of the Department of Social Services is a public employee, and similarly, a supervisor for the Health Department is a public employee as is a specialist, who is a subordinate of the supervisor.

**5. Cities and Towns— public duty doctrine—inapplicable to health department**

The trial court did not err by failing to dismiss plaintiffs' negligence claims against defendants Person County, the Health Department, or the individual defendants in their official capacities based on the public duty doctrine, because: (1) the public duty doctrine will not be expanded to local government agencies other than law enforcement departments exercising their general duty to protect the public; and (2) plaintiffs have not alleged that defendants negligently failed to protect them from a crime.

Appeal by defendants from order entered 23 June 1999 by Judge Mark E. Galloway in Person County District Court. Heard in the Court of Appeals 12 September 2000.

*Alan S. Hicks, P.A., by Alan S. Hicks, for plaintiff-appellees.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., for defendant-appellants.*

**BLOCK v. COUNTY OF PERSON**

[141 N.C. App. 273 (2000)]

EDMUNDS, Judge.

Defendants appeal from an order denying their motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We affirm.

Because this appeal is based on defendants' motion to dismiss, we treat plaintiffs' factual allegations as true. *See Lovelace v. City of Shelby*, 351 N.C. 458, 526 S.E.2d 652 (2000). According to these allegations, on 16 January 1995, plaintiffs Raymond and Dorothy Block purchased a 1.37 acre residential building lot in Person County, North Carolina. The lot had been approved for installation of a conventional septic system on 4 August 1994 by defendant Randall Barnett (Barnett), an Environmental Health Specialist with defendant Person County Health Department (the Health Department). Plaintiffs thereafter constructed a residence on the property. The construction included a conventional septic system in accordance with the requirements of the permit, and on 29 February 1996, Barnett approved the septic system.

After occupying the residence for approximately one year, plaintiffs observed wastewater effluent surfacing on the property in the area of the septic system's drain field. Barnett inspected the area and recommended that plaintiffs spread additional dirt in the drain field area to remedy the problem. Plaintiffs also contacted defendant Connie Pixley (Pixley), an Environmental Health Supervisor for the Health Department, who visited the property along with soil scientist Fred Smith (Smith) of the North Carolina Department of Environmental and Natural Resources. Although test pits were dug both on and off plaintiffs' property, no suitable soil could be found for a conventional septic system. As such, Pixley and Smith advised plaintiffs to consult a private soil scientist.

On 24 September 1997, the Health Department issued a wastewater violation notice to plaintiffs, giving them thirty days to remedy the noncompliant septic system; in addition, any repairs had to be approved by the Health Department. Accordingly, in October 1997, plaintiffs consulted soil scientist Neal Floyd (Floyd) who recommended a new low pressure pipe system. Floyd forwarded a preliminary design of the new system to the Health Department where defendant Will Dunn (Dunn), who had replaced Pixley as Environmental Health Supervisor with the Health Department, preliminarily approved the design, subject to receipt of a more detailed

description. Dunn advised plaintiffs that the new system would be constructed without cost to them. In April 1998, Jimmy Lewis Contracting, Inc. presented to the Health Department an estimate of $9,180 to construct the new system. Plaintiffs obtained a second estimate of $8,805 from Carrington Brothers, Inc. after Dunn advised that the initial estimate was too high. At this time, Smith and defendant Thomas Bridges (Bridges), then Director of the Health Department, advised plaintiffs to hire an attorney, which led plaintiffs to conclude that defendant Person County (Person County) would not pay for the new system after all. Plaintiffs purchased an additional .33 acre of land in June 1998 to be used as a future repair area. The new septic system was constructed by Carrington Brothers, Inc. in July 1998 at plaintiffs' expense and was approved by Dunn on 17 July 1998.

Plaintiffs filed suit on 29 March 1999 against defendants Person County; the Health Department; Bridges, individually and in his official capacity as Director of the Health Department;[1] Marc Kolman, in his official capacity as Director of the Health Department (Bridges and Kolman were directors of the Health Department at different times); Pixley, individually and in her official capacity as Environmental Health Supervisor with the Health Department; Dunn, individually and in his official capacity as Environmental Health Supervisor with the Health Department; and Barnett, individually and in his official capacity as Environmental Health Specialist with the Health Department. Plaintiffs asserted claims for negligence against Barnett, negligent misrepresentation against Dunn, negligent supervision and retention against Pixley and Bridges, and vicarious liability against Person County, the Health Department, Bridges, and Kolman pursuant to the theory of respondeat superior. On or about 3 May 1999, defendants filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1999). The motion was granted on 23 July 1999 as to defendant Bridges in his individual capacity and defendant Dunn in his individual and official capacities. The motion was denied as to all other defendants, who now appeal.

[1] Preliminarily, we note that in general "a denial of a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) [], is an interlocutory order from which no appeal may be taken immediately." *Bardolph v. Arnold*, 112 N.C. App. 190, 192, 435 S.E.2d 109, 112 (1993) (citation omitted). The rationale behind this rule is that "no final judgment is

---

1. On 12 May 1999, plaintiffs acknowledged in open court that the designation in the caption of their complaint that defendant Thomas D. Bridges was being sued in his individual capacity was erroneous and unintended.

involved in such a denial and the movant is not deprived of any substantial right that cannot be protected by a timely appeal from a final judgment which resolves the controversy on its merits." *Flaherty v. Hunt*, 82 N.C. App. 112, 113, 345 S.E.2d 426, 427 (1986) (citation omitted). However, this Court has reviewed an interlocutory appeal when the case involves a legal issue of public importance or where the issue presented would expedite the administration of justice. *See id.* at 113-14, 345 S.E.2d at 427; *Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975). Additionally, this Court has held that "orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right." *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *aff'd*, 344 N.C. 729, 477 S.E.2d 171 (1996) (citations omitted). This exception has been applied in cases where a defendant has asserted governmental immunity from suit through the public duty doctrine. *See id*; *Derwort v. Polk County*, 129 N.C. App. 789, 501 S.E.2d 379 (1998). The reason for the exception "stems from the nature of the immunity defense." *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 403, 442 S.E.2d 75, 77 (1994). "A valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit. Were the case to be erroneously permitted to proceed to trial, immunity would be effectively lost." *Slade v. Vernon*, 110 N.C. App. 422, 425, 429 S.E.2d 744, 746 (1993) (citation omitted).

Accordingly, we will address defendants' second and third assignments of error, which pertain to qualified immunity and the public duty doctrine. In the interest of judicial economy, we also will address defendants' first assignment of error, which relates to the sufficiency of the complaint. *See Houpe v. City of Statesville*, 128 N.C. App. 334, 340, 497 S.E.2d 82, 87 (1998) (in case where court considered interlocutory appeal based on defense of governmental immunity, "where it would be in the interests of judicial economy to do so . . . we will in our discretion address defendants' alternative arguments").

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citation omitted). The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of

facts to support his claim which would entitle him to relief. *See Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987).

## I.

[2] Defendants first argue that the trial court erred in failing to dismiss plaintiffs' claims brought against defendants Barnett, Pixley, and Kolman in their individual capacities, contending that the complaint only stated a claim against these defendants in their official capacities. Our Supreme Court previously has analyzed the distinction between official and individual capacity claims.

> The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is named in an official capacity. If money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities.

*Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997) (citation omitted).

Accordingly, we begin our analysis by examining the type of relief requested. The record reveals that plaintiffs are seeking to recover monetary damages; therefore, we must determine whether the complaint indicates that these damages are sought from the government or from the pockets of the individual defendants. In conducting this analysis, it is appropriate to consider the allegations contained in the pleading, including the caption and prayer for relief. *See Mullis v. Sechrest*, 347 N.C. 548, 553, 495 S.E.2d 721, 724 (1998). Indeed,

> [i]t is a simple matter for attorneys to clarify the capacity in which a defendant is being sued. Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words 'in his official capacity' or 'in his individual capacity' after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover dam-

ages from the defendant individually or as an agent of the governmental entity.

*Id.* at 554, 495 S.E.2d at 724-25.

In the complaint's caption, plaintiffs state that Barnett and Pixley are being sued in their individual and official capacities. The caption named "Connie Pixley, *Individually* and in her official capacity as Environmental Health Supervisor with the Person County Health Department," and "Randall Barnett, *Individually* and in his official capacity as Environmental Health Specialist with the Person County Health Department." (Emphasis added.) Plaintiffs' prayer for relief also specifically asserts claims against Barnett and Pixley in their individual and official capacities, asking "[f]or judgment, in an amount not less than $9,466.00 . . . [a]gainst the Defendants Barnett, Pixley [] in both their *individual* and official capacities." (Emphasis added.) In addition, plaintiffs use the words "jointly and severally" in their prayer for relief, further indicating that damages are being sought from the pockets of Barnett and Pixley as individuals. *See Schmidt v. Breeden*, 134 N.C. App. 248, 517 S.E.2d 171 (1999).

Defendants argue that plaintiffs' complaint fails to state a claim against defendants Barnett and Pixley in their individual capacities because plaintiffs do not allege that these defendants acted outside the course and scope of their duties. However, our Supreme Court has stated:

" '[o]fficial capacity' is not synonymous with 'official duties'; the phrase is a legal term of art with a narrow meaning—the suit is in effect one against the entity." Whether the allegations relate to actions outside the scope of defendant's official duties is not relevant in determining whether the defendant is being sued in his or her official or individual capacity. To hold otherwise would contradict North Carolina Supreme Court cases that have held or stated that public employees may be held individually liable for mere negligence in the performance of their duties.

*Meyer*, 347 N.C. at 111, 489 S.E.2d at 888 (internal citations omitted); *see also Isenhour v. Hutto*, 350 N.C. 601, 609, 517 S.E.2d 121, 127 (1999). Defendants additionally argue that paragraph 40 of plaintiffs' complaint, which states, "[a]ll of the actions and inactions of the above named Defendants complained of in Counts 1, 2, and 3 hereof occurred or were taken by said Defendants in the course and scope of their agency or employment," illustrates plaintiffs' intent to sue defendants Barnett and Pixley in their official capacities only.

However, taken as a whole, plaintiffs' complaint shows an unmistakable intent by plaintiffs to sue defendants Barnett and Pixley in *both* their individual and official capacities. *Cf. Reid v. Town of Madison*, 137 N.C. App. 168, 527 S.E.2d 87 (2000); *Johnson v. York*, 134 N.C. App. 332, 517 S.E.2d 670 (1999); *Warren v. Guilford County*, 129 N.C. App. 836, 500 S.E.2d 470 (1998) (all finding that because the captions, allegations and prayers for relief of plaintiffs' complaints contained no reference that defendants were being sued in their individual capacities, defendants could only be liable in their official capacities). As to defendants Barnett and Pixley, this assignment of error is overruled.

[3] By contrast, plaintiffs have not sued defendant Kolman individually. In the caption of the complaint, Kolman is listed only in his official capacity. Moreover, the allegations and prayer for relief in the complaint state a claim against Kolman in his official and not individual capacity. Accordingly, defendants' argument as to suit being brought against defendant Kolman in his individual capacity is dismissed.

## II.

[4] Having determined that plaintiffs brought suit against defendants Barnett and Pixley in their individual capacities, we next must determine whether the trial court properly denied defendants' motion to dismiss these claims on the ground that plaintiffs failed to state a claim upon which relief can be granted. This determination turns on whether Barnett and Pixley are public officials or public employees.

North Carolina courts have held that "public officers and public employees are generally afforded different protections under the law when sued in their individual capacities." *Schmidt*, 134 N.C. App. at 258, 517 S.E.2d at 177-78. Specifically, "a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). The official may be held liable only if it is "alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties." *Id.* (internal citations omitted). The rationale behind this rule is that:

[I]t would be difficult to find those who would accept public office or engage in the administration of public affairs if they

were to be held personally liable for acts or omissions involved in the exercise of discretion and sound judgment which they had performed to the best of their ability, and without any malevolent intention toward anyone who might be affected thereby.

*Miller v. Jones*, 224 N.C. 783, 787, 32 S.E.2d 594, 597 (1945).

By contrast, a public employee " 'is personally liable for negligence in the performance of his or her duties proximately causing an injury.' " *Isenhour*, 350 N.C. at 610, 517 S.E.2d at 128 (quoting *Reid v. Roberts*, 112 N.C. App. 222, 224, 435 S.E.2d 116, 119 (1993)). Here, "the compelling reasons for the nonliability of a public officer, clothed with discretion, are entirely absent." *Miller*, 224 N.C. at 787, 32 S.E.2d at 597.

Our courts have recognized several distinctions between a public official and a public employee, noting:

> "A public officer is someone whose position is created by the constitution or statutes of the sovereign. 'An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of sovereign power.' Officers exercise a certain amount of discretion, while employees perform ministerial duties. Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are 'absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts.' "

*Meyer*, 347 N.C. at 113, 489 S.E.2d at 889 (internal citations omitted) (quoting *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236 (1990)); *see also Isenhour*, 350 N.C. at 610, 517 S.E.2d at 127 (recognizing three distinctions between public officials and public employees: "(1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties").

We now apply these principles to the case at bar. Because this Court has not determined whether an Environmental Health Specialist and an Environmental Health Supervisor are public employees or public officials, we begin our analysis by considering whether these positions were created by constitution or statute. Although defendants cite a number of statutes contained in Chapter 130A (Public Health) of the North Carolina General Statutes, there is

no statutory or constitutional scheme that creates the positions of Environmental Health Specialist or Environmental Health Supervisor for a county health department. Only the position of Director of a county health department is set forth by statute. *See* N.C. Gen. Stat. § 130A-41 (1999); *cf.*, *Isenhour*, 350 N.C. 601, 517 S.E.2d 121 (position of police officer created by N.C. Gen. Stat. § 160A-281 (1999)); *Hare*, 99 N.C. App. 693, 394 S.E.2d 231 (position of director of county department of social services created by N.C. Gen. Stat. § 108A-12 (1999)); *Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automobile, Inc.*, 87 N.C. App. 467, 361 S.E.2d 418 (1987) (State Commissioner of Division of Motor Vehicles created by N.C. Gen. Stat. § 20-2 (1999)); *Pigott v. City of Wilmington*, 50 N.C. App. 401, 273 S.E.2d 752 (1981) (position of chief building inspector created by N.C. Gen. Stat. § 160A-411 (1999)). Nor does it appear that defendants Barnett and Pixley exercise any sovereign power; rather, their duties are ministerial. Our courts have held that a supervisor of the Department of Social Services is a public employee. *See Meyer*, 347 N.C. 97, 489 S.E.2d 880; *Hare*, 99 N.C. App. 693, 394 S.E.2d 231. Similarly, a supervisor for the Health Department is a public employee, as is a specialist, who is a subordinate of the supervisor. As such, these employees may be held personally liable "for the negligent performance of their duties that proximately caused foreseeable injury." *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236. This assignment of error is overruled.

## III.

[5] Finally, defendants argue that the trial court erred by failing to dismiss plaintiffs' claims, contending that these claims are barred by the public duty doctrine. The public duty doctrine was first applied in *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2 (1988) and was adopted by our Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), in which the Court stated:

> The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals. This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act.

*Braswell*, 330 N.C. at 370-71, 410 S.E.2d at 901 (citation omitted). In *Braswell*, the Court also adopted two exceptions to the doctrine,

first, where there is a special relationship between the injured party and the governmental entity; and second, where the governmental entity creates a special duty by "promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Id.* at 371, 410 S.E.2d at 902 (citation omitted).

However, our Supreme Court has held that the public duty doctrine, as it applies to local government, is limited to the facts of *Braswell* and will not be expanded to local government agencies other than law enforcement departments exercising their general duty to protect the public. *See Lovelace*, 351 N.C. 458, 526 S.E.2d 652 (declining to extend the public duty doctrine to insulate the City of Shelby from liability for the negligence of an emergency operator for the city); *Thompson v. Waters*, 351 N.C. 462, 526 S.E.2d 650 (2000) (holding that the public duty doctrine does not bar plaintiffs' claim against Lee County for negligent inspection of plaintiffs' private residence); *Isenhour*, 350 N.C. 601, 517 S.E.2d 121 (refusing to extend the public duty doctrine to shield a city from liability for the allegedly negligent acts of a school crossing guard). Subsequent opinions of this Court have followed the Supreme Court's holdings. *See Cucina v. City of Jacksonville*, 138 N.C. App. 99, 530 S.E.2d 353, *disc. review denied*, 352 N.C. 588, 544 S.E.2d 778 (2000) (holding that the public duty doctrine does not bar plaintiff's claim against the City of Jacksonville for negligently failing to repair a stop sign); *Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 529 S.E.2d 693 (2000) (finding that the public duty doctrine does not shield the City of Louisburg from liability for injuries plaintiff sustained as a result of a dynamite explosion during construction of a sewer line).

Because plaintiffs have not alleged that defendants negligently failed to protect them from a crime, the public duty doctrine cannot bar plaintiffs' claims against defendants Person County or the Health Department. Nor does it bar plaintiffs' claims against the individual defendants in their official capacities. *See Mullis*, 347 N.C. at 554, 495 S.E.2d at 725 ("official-capacity suits are merely another way of pleading an action against the governmental entity"). This assignment of error is overruled.

Affirmed.

Judges GREENE and SMITH concur.