JOY B. MURRAY, PLAINTIFF v. COUNTY OF PERSON; ET AL., DEFENDANTS

No. COA07-1260

(Filed 5 August 2008)

**1. Appeal and Error— appealability—interlocutory orders—partial denial of summary judgment—governmental immunity**

An appeal from the denial of summary judgment involving governmental immunity was interlocutory but properly before the Court of Appeals.

**2. Immunity— public duty doctrine—suit in individual capacity**

The public duty doctrine does not extend to government workers sued only in their individual capacities, and summary judgment was properly denied to defendants on that ground in an action against employees of a county health department arising from the failure of a septic system.

**3. Immunity— public officers—health department employees not available**

Public officers immunity was not available to health department employees in the positions of Environmental Health Specialist and Environmental Health Supervisor, and the trial court correctly denied summary judgment for defendants on that issue in an action arising from the failure of a septic system.

Appeal by defendants from judgment entered 24 July 2007 by Judge Richard W. Stone in Superior Court, Person County. Heard in the Court of Appeals 18 March 2008.

*Alan S. Hicks, P.A., by Alan S. Hicks, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, Jr. and Robert T. Numbers, II, for defendants-appellants Clayton, Kelly, and Sarver.*

WYNN, Judge.

The standard of review for a motion for summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.[1] Here, the defendants argue the trial court erred by partially denying their

---

1. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

motion for summary judgment because they are entitled to the protection of the public duty doctrine and public officers' immunity. Because we hold that neither the public duty doctrine nor public officers' immunity protects the defendants from liability, we affirm the trial court's partial denial of the defendants' motion for summary judgment.

On 4 September 2002, Herman Rouse, Plaintiff Joy Murray's contractor and builder, applied for an improvement permit from the Person County Health Department. On 6 November 2002, Defendant Adam Sarver, an Environmental Health Specialist for the Person County Health Department, conducted a site evaluation on Ms. Murray's property and issued an improvement permit approving the installation of an innovative wastewater treatment system on the property. The improvement permit stated that "[n]either Person County nor the Environmental Health Specialist warrants that the septic tank system will continue to function satisfactorily in the future or that the water supply will remain potable."

On 13 March 2003, an innovative wastewater treatment system was installed on Ms. Murray's property. On 19 March 2003, Mr. Sarver issued an Operation Permit, indicating that the system had been installed in compliance with statutory law.

The construction of Ms. Murray's home was completed in March 2003 and she moved into the home in April 2003. Shortly after she moved in, Ms. Murray noticed water surfacing on her property and she notified Mr. Rouse. Mr. Rouse visited Ms. Murray's property and informed her that she had a problem with her septic system.

Ms. Murray reported the problems with her wastewater system to the county, and over the next several months, Mr. Sarver, along with Defendant Harold Kelly, another Environmental Health Specialist, and Defendant Janet Clayton, an Environmental Health Supervisor, made numerous unsuccessful attempts to repair Ms. Murray's wastewater system. These attempts involved multiple inspections and observations of the wastewater system, the issuance of permits for the installation of a new line, and eventually, the installation of a new innovative system. However, the new innovative wastewater treatment system, installed in February 2004, also failed.

On 15 June 2006, Ms. Murray initiated this action against Person County and the Person County Health Department; and against Mr. Sarver, Ms. Clayton, and Mr. Kelly, individually and in their of-

ficial capacities. She alleged negligence, negligent misrepresentation, and negligent infliction of emotional distress in the issuance of permits for the installation and repair of her wastewater treatment system.

On 29 May 2007, Defendants filed a motion for summary judgment as to all of Ms. Murray's claims. The trial court heard Defendants' motion on 24 July 2007 and granted Defendants' motion as to all claims against Person County and the Person County Health Department; and Mr. Sarver, Ms. Clayton, and Mr. Kelly in their official capacities. The trial court also granted summary judgment on Ms. Murray's claim of negligent infliction of emotional distress. However, the trial court denied summary judgment as to Ms. Murray's claims for negligence and negligent misrepresentation against Mr. Sarver, Ms. Clayton, and Mr. Kelly in their individual capacities.

[1] On appeal, Mr. Sarver, Ms. Clayton, and Mr. Kelly (collectively "Defendants") argue the trial court erred by partially denying their motion for summary judgment. Specifically, Defendants contend that they are entitled to the protection of the public duty doctrine and public officers' immunity. Though interlocutory, Defendants' appeal from the denial of summary judgment is properly before this Court because appeals which present defenses of governmental or sovereign immunity, like the public duty doctrine or public officers' immunity, have been held by this Court to be immediately appealable as affecting a substantial right. *Schlossberg v. Goins*, 141 N.C. App. 436, 439, 540 S.E.2d 49, 52 (2000), *disc. review denied*, 355 N.C. 215, 560 S.E.2d 136 (2002); *Derwort v. Polk County*, 129 N.C. App. 789, 790-91, 501 S.E.2d 379, 380 (1998).

The standard of review from the denial of summary judgment is *de novo. Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005). We review whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Though we view the evidence presented by the parties in the light most favorable to the nonmovant, summary judgment is appropriate when "(1) an essential element of plaintiff's claim is nonexistent[,] (2) plaintiff cannot produce evidence to support an essential element of his claim, or (3) plaintiff cannot surmount an affirmative defense which would bar the claim." *Gibson v. Mutual Life Ins. Co. of New York*, 121 N.C. App. 284, 286, 465 S.E.2d 56, 58 (1996).

[2] Defendants first argue the trial court erred by denying summary judgment on the claims of negligence and negligent misrepresentation in their individual capacities because they are protected from liability by the public duty doctrine. We disagree.

The public duty doctrine "provides that governmental entities and their agents owe duties only to the general public, not to individuals, absent a 'special relationship' or 'special duty' between the entity and the injured party." *Stone v. North Carolina Dept. of Labor*, 347 N.C. 473, 477-78, 495 S.E.2d 711, 714 (citation omitted), *cert. denied*, 525 U.S. 1016, 142 L. Ed. 2d 449 (1998). "Because the governmental entity owes no particular duty to any individual claimant, it cannot be held liable for negligence . . . ." *Id.* at 482, 495 S.E.2d at 716. The purpose of the public duty doctrine is "to prevent an overwhelming burden of liability on governmental agencies with limited resources." *Id.* at 481, 495 S.E.2d at 716 (internal citations omitted).

Although the public duty doctrine was initially adopted in the context of municipal law enforcement, *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992), our Supreme Court has extended the public duty doctrine "to claims against the State under the Tort Claims Act," *Stone*, 347 N.C. at 482, 495 S.E.2d at 716, and "to state agencies required by statute to conduct inspections for the public's general protection." *Lovelace v. City of Shelby*, 351 N.C. 458, 461, 526 S.E.2d 652, 654, *reh'g denied*, 352 N.C. 157, 544 S.E.2d 225 (2000). Additionally, this Court has held that "the Health Department, an agent of [North Carolina Department of Environment and Natural Resources], is a state agency required [by statute] to inspect site for suitability of wastewater treatment systems before issuing improvement permits . . . and therefore may avail itself of the protection afforded by the public duty doctrine." *Watts v. North Carolina Dept. of Env't. and Natural Resources*, 182 N.C. App. 178, 182, 641 S.E.2d 811, 816 (2007), *disc. review granted*, —— N.C. ——, 660 S.E.2d 899.[2]

However, our review of North Carolina case law has revealed no cases in which our courts have held that an employee of a health department is entitled to the protection of the public duty doctrine when sued *only* in his or her individual capacity in Superior Court.

_____

2. We note that in *Watts*, the action was brought before the Industrial Commission against an employee of the Health Department, the Health Department, and North Carolina Department of Environment and Natural Resources; however, the Deputy Commissioner dismissed the claim against the employee, as he was not a proper party. *Watts*, 182 N.C. App. at 180, 641 S.E.2d at 815.

Our Supreme Court has explained: "A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997).

Here, the only claims remaining against Defendants are in their individual capacities. Where a governmental worker is sued in his individual capacity, rather than applying the public duty doctrine, our courts have consistently applied public officers' immunity. *See Isenhour v. Hutto*, 350 N.C. 601, 609, 517 S.E.2d 121, 127 (1999) ("Once we determine the aggrieved party has sufficiently pled a claim against defendant in his or her individual capacity, we must determine whether that defendant is a public official or a public employee."); *Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 851-52 (1996) ("To sustain the personal or individual capacity suit, the plaintiff must initially make a prima facie showing that the defendant-official's tortious conduct falls within one of the immunity exceptions[.]"); *EEE-ZZZ Lay Drain Co. v. North Carolina Dept. of Human Res.*, 108 N.C. App. 24, 28, 422 S.E.2d 338, 341 (1992) ("When a governmental worker is sued in his individual capacity, our courts have distinguished between whether the worker is an officer or an employee when assessing liability."). We hold that the public duty doctrine does not extend to government workers sued only in their individual capacities. Accordingly, this assignment of error is overruled, and we now turn to a discussion of public officers' immunity.

[3] Defendants next argue the trial court erred by denying summary judgment on the claims of negligence and negligent misrepresentation in their individual capacities because they are entitled to public officers' immunity. We disagree.

It is well established that "[p]ublic officers are shielded from liability unless their actions are corrupt or malicious[;]" however, public employees can be held personally liable for mere negligence. *EEE-ZZZ Lay Drain Co.*, 108 N.C. App. at 28-29, 422 S.E.2d at 341 (citing *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976)), *overruled on other grounds, Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997). In distinguishing between a public official and a public employee, our courts have held that "(1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises

discretion, while public employees perform ministerial duties." *Isenhour*, 350 N.C. at 610, 517 S.E.2d at 127. Additionally, "an officer is generally required to take an oath of office while an agent or employee is not required to do so." *Pigott v. City of Wilmington*, 50 N.C. App. 401, 403-04, 273 S.E.2d 752, 754, *cert. denied*, 303 N.C. 181, 280 S.E.2d 453 (1981).

This Court has previously determined that the positions of an Environmental Health Specialist and an Environmental Health Supervisor are public employees because the positions are not created by statute and they do not exercise sovereign power; rather, their duties are ministerial. *Block v. Cty. of Person*, 141 N.C. App. 273, 281-82, 540 S.E.2d 415, 421-22 (2000). Although *Block* was an appeal from the denial of a motion to dismiss and the current case is an appeal from a partial denial of a motion for summary judgment, we find the reasoning in *Block* persuasive. *See Northern Nat. Life Ins. Co. v. Lacy J. Miller Mach. Co., Inc.*, 311 N.C. 62, 76, 316 S.E.2d 256, 265 (1984) (holding that the Court of Appeals was not bound by the doctrine of *stare decisis* because the procedural issues in the case were substantially different from those in a similar case).

In *Block*, this Court stated:

> Although defendants cite a number of statutes contained in Chapter 130A (Public Health) of the North Carolina General Statutes, there is no statutory or constitutional scheme that creates the positions of Environmental Health Specialist or Environmental Health Supervisor for a county health department. Only the position of Director of a county health department is set forth by statute. Nor does it appear that defendants . . . exercise any sovereign power; rather, their duties are ministerial. Our courts have held that a supervisor of the Department of Social Services is a public employee. Similarly, a supervisor for the Health Department is a public employee, as is a specialist, who is a subordinate of the supervisor.

141 N.C. App. at 281-82, 540 S.E.2d at 421-22.

Although Defendants argue that they were acting as Registered Sanitarians, a position created by statute, we agree with the reasoning in *Block*, that "there is no statutory or constitutional scheme that creates the positions of Environmental Health Specialist or Environmental Health Supervisor for a county health department." *Id.*; *see also Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236 (1990)

(holding that three Department of Social Services positions—Protective Services Investigation Supervisor, Program Administrator for Child and Family Services, and Assistant Director—were public employees because their positions were not created by statute nor did they exercise any sovereign power). Additionally, there is no evidence in the record that Defendants took oaths of office. *See Pigott*, 50 N.C. App. at 403-04, 273 S.E.2d at 754. Accordingly, this assignment of error is overruled.

Affirmed.

Judges BRYANT and JACKSON concur.