ANN B. GREENE, IN HER CAPACITY AS WIFE OF TED D. HORTON AND AS ADMINISTRATRIX OF
THE ESTATE OF TED D. HORTON, AND STATE OF NORTH CAROLINA, *EX REL.*,
ANN B. GREENE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TED D.
HORTON, PLAINTIFFS v. BENJAMIN THOMAS BARRICK, TOM BARRICK, ROBERT
TWOMEY, BRAD BARRICK, SCOTT WHALEY, NETSTAR AIR RESCUE, INC. D/B/A
NORTHEAST TENNESSEE SEARCH & TACTICAL AIR RESPONSE, JERRY W.
JONES, IN HIS OFFICIAL CAPACITY AS SHERIFF OF FRANKLIN COUNTY, NORTH CAROLINA
AND INDIVIDUALLY, FRANKLIN COUNTY, NORTH CAROLINA, FRANKLIN COUNTY
SHERIFF'S OFFICE, WESTERN SURETY COMPANY, SOUTHEASTERN HELI-
COPTERS, INC., KEITH A. SVADBA, AND THOMAS M. JONES, DEFENDANTS

No. COA08-1358

(Filed 4 August 2009)

### 1. Appeal and Error— appealability—interlocutory order— governmental immunity—partial summary judgment granted

The granting of partial summary judgment based on govern-
mental immunity was immediately appealable even though inter-
locutory because a substantial right was affected. The same type
of issues are called into question by this appeal as in the denial of
summary judgment based on immunity.

### 2. Workers' Compensation— *Pleasant* claim—sheriff—em-ployer—summary judgment

The trial court did not err by granting summary judgment for
defendant sheriff on a willful and wanton negligence claim under
*Pleasant v. Johnson*, 312 NC 330, because the sheriff here was
the employer rather than a co-employee, as in *Pleasant*.

### 3. Workers' Compensation— *Pleasant* claim—deputy in offi-cial capacity—maintenance and operation of helicopter—governmental function

Governmental immunity protected a deputy (in his official
capacity) involved in a helicopter program from a *Pleasant* claim
except to the extent immunity was waived by a surety bond, and
the court's summary judgment for the deputy (defendant Barrick)
recognized this fact and was proper. Contrary to plaintiff's con-
tention, the maintenance and operation of the helicopter was
incident to the police power of the sheriff.

### 4. Workers' Compensation— *Woodson* claim—sheriff's de-partment—operation of helicopter

Summary judgment was correctly granted for a sheriff's
deputy involved in a helicopter program on a *Woodson* claim

GREENE v. BARRICK

[198 N.C. App. 647 (2009)]

where the claim could be asserted only to the extent it consti-tuted an action against the employer-sheriff, and the sheriff was protected by governmental immunity because maintenance and operation of a helicopter are incidental to the police power.

Appeal by plaintiffs from an order entered 9 June 2008 by Judge Kenneth C. Titus in Franklin County Superior Court. Heard in the Court of Appeals 7 April 2009.

*Tharrington Smith, L.L.P., by F. Hill Allen, for plaintiffs-appellants.*

*Frazier, Hill & Fury, RLLP, by William L. Hill and Torin L. Fury, for Franklin County Sheriff's Office and Jerry Jones, defendants-appellees.*

*Batton & Guin, by David R. Guin, for Franklin County, defendants-appellees.*

*Ortiz & Schick, PLLC, by Michael R. Ortiz and Melinda C. Hemphill, for defendant-appellee Benjamin Barrick in his official capacity.*

JACKSON, Judge.

Ann B. Greene ("plaintiff") appeals the 9 June 2008 order granting summary judgment, in part, in favor of, *inter alia,* Benjamin Thomas Barrick in his official capacity ("Barrick"), Sheriff Jerry Jones in his official and individual capacities ("Sheriff Jones"), Franklin County Sheriff's Office ("the sheriff's office"), and Western Surety Company ("Western") (collectively "defendants"). For the reasons stated below, we affirm.

In October 2003, Deputy Ted Horton ("Deputy Horton") contacted Barrick of NETSTAR Air Rescue, Inc. ("NETSTAR") to assist the sher-iff's office in establishing a helicopter program. Deputy Horton acted as an intermediary between Barrick and Sheriff Jones. In December 2003, Deputy Horton and Sheriff Jones went to Elizabethton, Ten-nessee to look at Barrick's helicopter. Barrick understood that the sheriff's office wanted a helicopter to do search and rescue, law enforcement, and drug eradication in Franklin County and the sur-rounding areas.

On 22 January 2004, Barrick and Sheriff Jones signed an agree-ment for their agencies—NETSTAR and the sheriff's office—to pro-vide mutual aid to each other if necessary. On or about 20 February

2004, Barrick and Sheriff Jones signed an agreement for the sheriff's office to lease or purchase a helicopter from NETSTAR, pursuant to which the sheriff's office was to commence leasing the helicopter on 1 March 2004. Barrick applied for a position with the sheriff's office on or about 10 March 2004, noting on his application that he was recruited with the helicopter program. He was hired as a sheriff's deputy on or about 15 March 2004.

A ribbon-cutting ceremony was held on 14 April 2004. On 13 May 2004, Barrick and Deputy Horton used the helicopter to assist Vance County's search for suspects in a home invasion. During the flight, they noticed marijuana plants. On 14 May 2004, Barrick and Deputy Horton took the helicopter out on a drug eradication flight in the area where marijuana was spotted the previous day. As they were returning to the airport, the helicopter lost its tail rotor, causing the helicopter to crash, killing Deputy Horton.

Plaintiff, in her individual capacity as Deputy Horton's wife and her official capacity as the administrator of his estate, filed a complaint on 5 May 2006 setting forth claims of (1) negligence; (2) gross negligence; (3) breach of express and implied warranties; (4) joint venture and proprietary functions; (5) specific performance; (6) punitive damages; as well as (7) a willful, wanton and reckless negligence claim based upon *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985); (8) a gross negligence claim based upon *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991); (9) a claim on sheriff's bond; and (10) a claim against Sheriff Jones in his individual capacity.

On 6 May 2008, defendants filed a motion for summary judgment, alleging, *inter alia*, the protections of governmental immunity. The trial court heard defendants' motion on 15 May 2008 and filed its order granting summary judgment on 9 June 2008. The court granted summary judgment as to all claims except (a) the *Pleasant* claim against Barrick in his individual capacity, (b) the punitive damages claim against Barrick in his individual capacity, and (c) the *Pleasant* claim against Barrick in his official capacity and Western, to the extent coverage is available pursuant to the sheriff's surety bond. Plaintiff appeals.

[1] The order appealed from did not dispose of the entire case; therefore, it is interlocutory. *See Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (order granting partial summary judgment is interlocutory), *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam). Although ordinarily interlocutory orders are not immediately appeal-

able, an interlocutory order may be appealed immediately if it affects a substantial right of the parties. *See* N.C. Gen. Stat. § 1-277 (2007). This Court has held that "when the moving party claims sovereign, absolute or qualified immunity, the denial of a motion for summary judgment is immediately appealable." *Moore v. Evans*, 124 N.C. App. 35, 39, 476 S.E.2d 415, 420 (1996) (citations omitted). Even though this case involves the grant, rather than the denial of sovereign immunity, we believe the same type of issues are called into question by the appeal, and therefore, plaintiff's appeal is properly before this Court.

An order granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The burden of showing that no triable issue of fact exists rests upon the moving party. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citation omitted). One means of carrying this burden is to show that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted).

This Court reviews a trial court's rulings on summary judgment motions *de novo. Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citing *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006)). In deciding a motion for summary judgment, a trial court is to consider the evidence in the light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citing *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). The trial court should deny a motion for summary judgment if there is any evidence of a genuine issue of material fact. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).

[2] As to the *Pleasant* claim, plaintiff argues that the evidence supports submission of the claim to a jury. We disagree.

In *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985), our Supreme Court carved out a narrow exception to this State's workers' compensation law, allowing a common law action for "willful, wanton and reckless negligence" against a co-employee notwithstanding the fact that the employee received workers' compensation benefits. *Id.* at 716, 325 S.E.2d at 249. The Supreme Court acknowledged at the

time that "[t]he concept of willful, reckless and wanton negligence inhabits a twilight zone which exists somewhere between ordinary negligence and intentional injury." *Id.* at 714, 325 S.E.2d at 247. Although *Pleasant* created an exception to bring suit against a co-employee, it did not extend that exception to an employer. *Id.* at 717, 325 S.E.2d 250.

Plaintiff's *Pleasant* claim was asserted against Barrick, Sheriff Jones, and Western. The summary judgment order denied summary judgment as to Barrick in his individual capacity, and as to Western and Barrick in his official capacity to the extent of coverage on the surety bond. Sheriff Jones is not a co-employee; Sheriff Jones is the employer. Therefore, plaintiff's *Pleasant* action must fail as it pertains to him as a matter of law. Accordingly, the trial court did not err in granting summary judgment as to Sheriff Jones on this claim.

[3] As to plaintiff's *Pleasant* claim against Barrick in his official capacity, Barrick is protected by governmental immunity, except to the extent that coverage is available pursuant to the surety bond.

Governmental immunity is a doctrine by which a municipality is not held liable for the torts of its officers and employees if those torts are committed while the officers or employees are performing a governmental function. *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994) (citations omitted). "Ordinarily, a municipality providing police services is engaged in a governmental function for which there is no liability." *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 275 (1988) (citation omitted), *disapproved of on other grounds by Hunt v. N.C. Dept. of Labor*, 348 N.C. 192, 499 S.E.2d 747 (1998). "That immunity is absolute unless the [municipality] has consented to being sued or otherwise waived its right to immunity." *Schlossberg v. Goins*, 141 N.C. App. 436, 440, 540 S.E.2d 49, 52 (2000), *disc. rev. denied*, 355 N.C. 215, 560 S.E.2d 136 (2002) (citations omitted). A sheriff may waive governmental immunity by purchasing a bond. *Sellers v. Rodriguez*, 149 N.C. App. 619, 624, 561 S.E.2d 336, 339 (2002) (citing N.C. Gen. Stat. § 58-76-5) (additional citation omitted).

Plaintiff contends the activities at issue—the maintenance and operation of a helicopter—were not governmental functions; therefore, Barrick is not protected by governmental immunity. However, the maintenance and operation of the helicopter was incident to the

police power of the sheriff's office—a governmental function. *See Lewis v. Hunter*, 212 N.C. 504, 509, 193 S.E. 814, 817 (1937) ("[W]hether he was engaged in repairing or testing the radio . . . and anything that he did for the city with the automobile in the scope of his employment was done as an incident to the police power of the city— a purely governmental function."); *Dobrowolska v. Wall*, 138 N.C. App. 1, 6, 530 S.E.2d 590, 594 (2000) ("[W]e hold as a matter of law that the repair and subsequent return of the van was incident to the police power of the City, a governmental function."), *disc. rev. improvidently allowed, appeal dismissed*, 355 N.C. 205, 558 S.E.2d 174 (2002). Because these activities were incident to a governmental function, Barrick, in his official capacity, is immune from liability, except to the extent that the immunity was waived by the surety bond. This fact was recognized in the trial court's order which denied summary judgment to the extent of coverage on the bond.

**[4]** With respect to her *Woodson* claim, plaintiff asserts that the warnings to Barrick about the helicopter and the lack of responsibility of the other appellees support her claim under these circumstances. We disagree. We note that plaintiff asserted in oral argument that she was "not putting her eggs in the *Woodson* basket" and that a *Woodson* claim is hard to prove.

In addition to showing that no triable issue of fact exists by demonstrating that the non-moving party cannot surmount an affirmative defense, a moving party may carry its burden on summary judgment by proving (1) that an essential element of the non-moving party's claim is nonexistent, or (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim. *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427. Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *Id.*

In *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991), our Supreme Court created a second narrow exception to this State's worker's compensation law, holding

that when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort,

and civil actions based thereon are not barred by the exclusivity provisions of the Act.

*Id.* at 340-41, 407 S.E.2d at 228. "The elements of a *Woodson* claim are: (1) misconduct by the employer; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct." *Pastva v. Naegele Outdoor Advertising,* 121 N.C. App. 656, 659, 468 S.E.2d 491, 494 (1996) (citing *Woodson,* 329 N.C. at 340-41, 407 S.E.2d at 228), *disc. rev. denied,* 343 N.C. 308, 471 S.E.2d 74 (1996).

Our law is well-settled. " 'A sheriff is liable for the acts or omissions of his deputy as he is for his own.' " *Prior v. Pruett,* 143 N.C. App. 612, 621, 550 S.E.2d 166, 172 (quoting *Cain v. Corbett,* 235 N.C. 33, 38, 69 S.E.2d 20, 23 (1952)), *disc. rev. denied,* 355 N.C. 493, 563 S.E.2d 572 (2001). *See also Sutton v. Williams,* 199 N.C. 546, 548, 155 S.E. 160, 162 (1930). Therefore, plaintiff could assert a *Woodson* claim against Barrick to the extent the claim constitutes an action against the employer sheriff, not against Barrick personally as he was decedent's co-employee. *See Hamby v. Profile Prods., L.L.C.,* 179 N.C. App. 151, 155, 632 S.E.2d 804, 807 (2006) ("[T]he Act bars 'a worker who is injured in the course of his employment from suing a co-employee whose negligence caused the injury.' " (quoting *Pleasant,* 312 N.C. at 713, 325 S.E.2d at 247)), *reversed and remanded on other grounds,* 361 N.C. 630, 652 S.E.2d 231 (2007). However, for the same reasons that Barrick—in his official capacity—is protected by governmental immunity from plaintiff's *Pleasant* claim, the employer—the sheriff's office, and by extension Sheriff Jones—is protected from liability.

Pursuant to the Workers' Compensation Act,

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative *shall exclude all other rights and remedies* of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

N.C. Gen. Stat. § 97-10.1 (2007) (emphasis added). *Pleasant* and *Woodson* provide the only exceptions to this provision. Plaintiff received an award of workers' compensation benefits as a result of

PIGG v. N.C. DEP'T OF CORR.

[198 N.C. App. 654 (2009)]

her husband's death. Her *Pleasant* claim as to Barrick in his individual capacity survives and is inapplicable to Sheriff Jones because of his status as her husband's employer. Barrick in his official capacity is protected by governmental immunity to the extent of coverage pursuant to the sheriff's surety bond. Similarly, the sheriff's office and Sheriff Jones are protected against her *Woodson* claim, which has no merit in any event. All other claims brought forward in this appeal are excluded by the Workers' Compensation Act. Therefore, the trial court did not err in granting summary judgment as to those remaining claims.

For the reasons stated above, the order of the trial court is affirmed.

Affirmed.

Judges ERVIN and HUNTER, Jr., Robert N. concur.