IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-266

 No. COA20-422

 Filed 15 June 2021

 Gaston County, No. 17 CVS 4800

 CHARLES B. CLINE and wife, DANIELLE C. CLINE, Plaintiffs,

 v.

 JAMES BANE HOME BUILDING, LLC; JAMES BANE, INDIVIDUALLY; CURTIS
 HOPPER, in his individual capacity as an inspector for GASTON COUNTY HEALTH
 DEPARTMENT; GASTON COUNTY, NORTH CAROLINA; LACHELLE CROSBY
 and HOME BUYERS MARKETING, II, INC., Defendants.

 Appeal by Plaintiffs from order entered 19 March 2020 by Judge Kevin M.

 Bridges in Gaston County Superior Court. Heard in the Court of Appeals 9 February

 2021.

 Devore, Acton & Stafford, P.A., by Fred W. DeVore, III and Brittany N. Conner,
 for plaintiffs-appellants.

 The Law Office of Martha R. Thompson, by Martha Raymond Thompson, for
 defendants-appellees.

 MURPHY, Judge.

¶1 Unless waived, a county and its employees acting in their official capacities are

 protected from tort actions under the doctrine of governmental immunity. Likewise,

 the doctrine of public official’s immunity protects a public official, when sued in his

 or her individual capacity, from actions for mere negligence in the performance of
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 their duties. However, this immunity does not exist for public employees.

¶2 Here, the trial court did not err in granting summary judgment in favor of

 Gaston County and Curtis Hopper, in his official capacity, based on governmental

 immunity. However, the trial court erred in granting summary judgment in favor of

 Curtis Hopper, in his individual capacity, based on public official’s immunity since he

 is a public employee. We affirm in part the trial court’s judgment insofar as its ruling

 is based on governmental immunity, but reverse in part the trial court’s decision to

 grant summary judgment on the basis of public official’s immunity.

 BACKGROUND

¶3 On 12 February 2016, Plaintiffs-Appellants Charles and Danielle Cline (“the

 Clines”) closed on a newly constructed home from non-appealing Defendant James

 Bane Home Building, LLC (“Bane Homes”). The Clines’ home is located in Gaston

 County and is serviced by a septic system. Curtis Hopper (“Hopper”), a Gaston

 County Environmental Health Administrator, had previously approved a septic

 system permit classified as “provisionally suitable.”1 Within a few months of moving

 into the home, the Clines started to observe raw sewage bubbling in the yard and

 1 “Provisionally suitable” is one of several choices of soil suitability and these sites

 “may be utilized for a ground absorption sewage treatment and disposal system.” 15A N.C.
 Admin. Code § 18A.1948(b) (2019). “Sites classified [p]rovisionally [s]uitable require some
 modifications and careful planning, design, and installation in order for a ground absorption
 sewage treatment and disposal system to function satisfactorily.” Id.
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 running down the driveway. To determine the source and cause of the raw sewage,

 the Clines hired an expert who opined that the septic system, as constructed, was

 undersized and insufficient for the size of the home.

¶4 The Clines sued Bane Homes and James Bane in his individual capacity for

 breach of contract and breach of implied warranty of habitability; Bane Homes for

 rescission; James Bane in his individual capacity for negligence; Hopper, in his

 individual capacity and official capacity, and Gaston County for negligence; LaChelle

 Crosby, the real estate agent who marketed the home, for negligence and

 misrepresentation; and LaChelle Crosby and Home Buyers Marketing, II, Inc. for

 unfair and deceptive trade practices.2 Following discovery, Appellees filed a motion

 for summary judgment, arguing they were entitled to governmental immunity and

 public official’s immunity.3 In its order filed 19 March 2020 (“Order”), the trial court

 granted Appellees’ motion for summary judgment, ordering “Defendants Gaston

 County and Curtis Hopper are entitled to judgment as a matter of law on the bases

 of governmental immunity and public official[’]s immunity.” The Clines timely

 2 This appeal involves only the negligence claims against Hopper, in both his
 individual and official capacity, and Gaston County. When referring to Hopper and Gaston
 County collectively, the term “Appellees” will be used to avoid referring to any Defendants
 that are not the subject of this appeal.
 3 Public official’s immunity is also referred to as “public officers’ immunity” and the

 two terms are interchangeable. See e.g., Schlossberg v. Goins, 141 N.C. App. 436, 445, 540
 S.E.2d 49, 56 (2000), disc. rev. denied, 355 N.C. 215, 560 S.E.2d 136 (2002) (referring to
 “public officers’ immunity”); Summey v. Barker, 142 N.C. App. 688, 689, 544 S.E.2d 262, 264
 (2001) (referring to “public official’s immunity”).
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 appealed the Order. Bane Homes, James Bane, LaChelle Crosby, and Home Buyers

 Marketing, II, Inc. remain Defendants in the case and did not appeal the Order.

 ANALYSIS

¶5 Summary judgment is appropriate “if the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits, if any, show that

 there is no genuine issue as to any material fact and that any party is entitled to a

 judgment as a matter of law.” N.C.G.S. § 1A-1, Rule 56(c) (2019). When considering

 a summary judgment motion, “all inferences of fact . . . must be drawn against the

 movant and in favor of the party opposing the motion.” Caldwell v. Deese, 288 N.C.

 375, 378, 218 S.E.2d 379, 381 (1975).

¶6 We review a trial court’s order granting summary judgment de novo. See

 Builders Mut. Ins. Co. v. N. Main Constr. Ltd., 361 N.C. 85, 88, 637 S.E.2d 528, 530

 (2006). “Under a de novo review, [we] consider[] the matter anew and freely

 substitute[] [our] own judgment” for that of the lower tribunal. In re Greens of Pine

 Glen Ltd., 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). “The showing required for

 summary judgment may be accomplished by proving an essential element of the

 opposing party’s claim . . . would be barred by an affirmative defense . . . .” Dobson

 v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).

 A. Jurisdiction

 1. Subject Matter Jurisdiction
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

¶7 Hopper argues we do not have subject matter jurisdiction over the claims

 against him, in either capacity, because subject matter jurisdiction over his alleged

 acts of negligence is vested exclusively in the Industrial Commission pursuant to the

 State Tort Claims Act, N.C.G.S. Chapter 143, Article 31. We disagree.

¶8 In Meyer v. Walls, our Supreme Court decided “whether jurisdiction for [a] suit

 against [Buncombe County Department of Social Services lied] before the Industrial

 Commission pursuant to the Tort Claims Act or before the Superior Court as

 originally filed by [the] plaintiff.” Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880,

 884 (1997). Our Supreme Court held “the Tort Claims Act applies only to actions

 against state departments, institutions, and agencies and does not apply to claims

 against officers, employees, involuntary servants, and agents of the State.” Id. at

 107-08, 489 S.E.2d at 885-86. Our Supreme Court also explicitly overruled Robinette

 v. Barriger, which held “Alexander County Health Department is a state agency,

 rather than a county agency, and that because the Industrial Commission has

 exclusive jurisdiction of negligence actions against the State, the trial court did not

 err in granting summary judgment for the county based on a lack of subject matter

 jurisdiction.” Id. at 107, 489 S.E.2d at 886 (citing Robinette v. Barriger, 116 N.C. App.

 197, 447 S.E.2d 498 (1994)). Our Supreme Court ultimately concluded “the Tort

 Claims Act does not apply to the claim against Buncombe County [Department of
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 Social Services].” Id. at 107-08, 489 S.E.2d at 885-86. We similarly hold Gaston

 County’s health department is not a state agency or institution.

¶9 Here, Hopper was acting as an agent for Gaston County’s health department,

 which is not a state department, or institution, but rather a county agency. The

 Industrial Commission does not have exclusive jurisdiction over his alleged acts of

 negligence, and both the trial court and this Court have subject matter jurisdiction.

 2. Appellate Jurisdiction

¶ 10 Appellees argue this appeal “should be dismissed as an improper interlocutory

 appeal as there are insufficient grounds for appellate review.” We disagree.

¶ 11 “An interlocutory order is one made during the pendency of an action, which

 does not dispose of the case, but leaves it for further action by the trial court in order

 to settle and determine the entire controversy.” Veazey v. City of Durham, 231 N.C.

 357, 362, 57 S.E.2d 377, 381 (1950). In contrast, “[a] final judgment is one which

 disposes of the cause as to all the parties, leaving nothing to be judicially determined

 between them in the trial court.” Id. at 361-62, 57 S.E.2d at 381. “[T]he entry of

 summary judgment for fewer than all defendants is not a final judgment[,]” but

 rather an interlocutory judgment. Long v. Giles, 123 N.C. App. 150, 152, 472 S.E.2d

 374, 375 (1996). Although an interlocutory order is ordinarily not immediately

 appealable, an interlocutory order may be immediately appealed if it affects a

 substantial right. See N.C.G.S. § 1-277(a) (2019); N.C.G.S. § 7A-27(b)(3)(a) (2019).
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

¶ 12 Here, the Order disposed of only the claims against Gaston County and

 Hopper, and the remaining claims include: breach of contract and breach of implied

 warranty of habitability against Bane Homes and James Bane in his individual

 capacity; rescission against Bane Homes; negligence against James Bane in his

 individual capacity; negligence and misrepresentation against LaChelle Crosby; and

 unfair and deceptive trade practices against LaChelle Crosby and Home Buyers

 Marketing, II, Inc. As the Clines’ various claims against the other Defendants have

 not been resolved and further action by the trial court is required “in order to settle

 and determine the entire controversy[,]” the Clines’ appeal from the Order is an

 appeal from “[a]n interlocutory order . . . , which does not dispose of the case[.]”

 Veazey, 231 N.C. at 362, 57 S.E.2d at 381. The Order must affect a substantial right

 in order for us to have proper appellate jurisdiction.

¶ 13 The Clines argue the Order affects a substantial right and is immediately

 appealable because

 [a] litigant appealing the denial of a sovereign[4] immunity
 defense need only show that they raised the issue below
 and that the trial court rejected it in order to establish that
 the challenged order affects [a] substantial right. [The trial
 court judge] ruled against [the Clines] exclusively on the

 4 Gaston County is a county agency. “As such, the immunity it possesses is more
 precisely identified as governmental immunity, while sovereign immunity applies to the
 State and its agencies.” Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334,
 335 n.3, 678 S.E.2d 351, 353 n.3 (2009). For the purposes of our analysis, the distinction is
 immaterial.
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 issue of “governmental immunity and public official[’s]
 immunity.” Thus, this immediate appeal of governmental
 immunity is approved by statute and this Court. Applying
 the Court’s logic in [Greene v. Barrick, 198 N.C. App. 647,
 680 S.E.2d 727 (2009)] . . . , [the Clines] need not further
 explain why, when on the face of [the trial judge’s] ruling a
 substantial right is affected. So long as the issue involves
 sovereign immunity, an immediate appeal is properly
 before this Court.

 In Greene, we decided an interlocutory order granting summary judgment based on

 the defense of sovereign immunity was properly before us:

 This Court has held that “when the moving party claims
 sovereign, absolute or qualified immunity, the denial of a
 motion for summary judgment is immediately appealable.”
 Moore v. Evans, 124 N.C. App. 35, 39, 476 S.E.2d 415, 420
 (1996) (citations omitted). Even though this case involves
 the grant, rather than the denial of sovereign immunity,
 we believe the same type of issues are called into question
 by the appeal, and therefore, [the] plaintiff’s appeal is
 properly before this Court.

 Greene, 198 N.C. App. at 650, 680 S.E.2d at 729-30. According to Greene, both an

 order denying a motion for summary judgment on the basis of sovereign immunity

 and an order granting a motion for summary judgment on the basis of sovereign

 immunity affect a substantial right. Id.

¶ 14 Appellees argue our “holding [in Greene] is inconsistent with the public policy

 bases for permitting interlocutory appeals.” However,

 as is often the case with our jurisprudence, what one might
 reasonably assume is not what our case law holds. In a
 series of cases that we are unable to distinguish from this
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 one, our Court has held that the grant of a motion to
 dismiss based on sovereign or governmental immunity is
 immediately appealable. Because one panel of this Court
 cannot overrule another, we are bound to hold that [the
 Clines’] interlocutory appeal on this issue is permissible.

 Ballard v. Shelley, 257 N.C. App. 561, 564, 811 S.E.2d 603, 605-06 (2018) (citations

 omitted) (emphasis in original). As an appeal granting governmental immunity

 affects a substantial right, the Clines’ appeal is properly before this Court. We now

 address the merits of the appeal.

 B. Claims Against Gaston County and Hopper in his Official Capacity

¶ 15 The Clines argue the trial court erred by granting summary judgment to

 Gaston County and Hopper, in his official capacity, on the grounds Gaston County

 waived its governmental immunity for itself and its employees when it purchased

 liability insurance.

¶ 16 “Under the doctrine of governmental immunity, a county or municipal

 corporation is immune from suit for the negligence of its employees in the exercise of

 governmental functions absent waiver of immunity.” Estate of Williams ex rel.

 Overton v. Pasquotank Cty. Parks & Recreation Dep’t, 366 N.C. 195, 198, 732 S.E.2d

 137, 140 (2012) (marks omitted). “In North Carolina, governmental immunity serves

 to protect a municipality, as well as its officers or employees who are sued in their

 official capacity, from suits arising from torts committed while the officers or

 employees are performing a governmental function.” Schlossberg, 141 N.C. App. at
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 439, 540 S.E.2d at 52. Governmental immunity is “absolute unless the [county] has

 consented to [suit] or otherwise waived its right to immunity.” Id. at 440, 540 S.E.2d

 at 52.

 1. Governmental Function

¶ 17 Exercising a governmental function is a requirement for governmental

 immunity to attach. See Estate of Williams, 366 N.C. at 198, 732 S.E.2d at 140.

 However, the Clines do not argue, at the trial court level or on appeal, that Gaston

 County or Hopper, in his official capacity, were not performing a governmental

 function when they were allegedly negligent. As such, whether Gaston County or

 Hopper, in his official capacity, were performing a governmental function is deemed

 abandoned and not an issue before us on appeal. See N.C. R. App. P. 28(a) (2021)

 (“The scope of review on appeal is limited to issues so presented in the several briefs.

 Issues not presented and discussed in a party’s brief are deemed abandoned.”).

 2. Purchase of Insurance Coverage

¶ 18 “A plaintiff bringing claims against a governmental entity and its employees

 acting in their official capacities must allege and prove that the officials have waived

 their [governmental] immunity or otherwise consented to suit[.]” Sellers v.

 Rodriguez, 149 N.C. App. 619, 623, 561 S.E.2d 336, 339 (2002) (emphasis added).

 Under the plain language of N.C.G.S. § 153A-435, counties waive governmental
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

immunity by purchasing an insurance policy that would indemnify the county and its

employees:

 A county may contract to insure itself and any of its
 officers, agents, or employees against liability for wrongful
 death or negligent or intentional damage to person or
 property or against absolute liability for damage to person
 or property caused by an act or omission of the county or of
 any of its officers, agents, or employees when acting within
 the scope of their authority and the course of their
 employment. The board of commissioners shall determine
 what liabilities and what officers, agents, and employees
 shall be covered by any insurance purchased pursuant to
 this subsection.

 Purchase of insurance pursuant to this subsection waives
 the county’s governmental immunity, to the extent of
 insurance coverage, for any act or omission occurring in the
 exercise of a governmental function. Participation in a
 local government risk pool pursuant to Article 23 of
 [N.C.G.S.] Chapter 58 shall be deemed to be the purchase
 of insurance for the purposes of this section. By entering
 into an insurance contract with the county, an insurer
 waives any defense based upon the governmental
 immunity of the county.

N.C.G.S. § 153A-435(a) (2019) (emphasis added). While “[a] county may waive

[governmental] immunity by purchasing liability insurance [under N.C.G.S. § 153A-

435], [it is waived] only to the extent of coverage provided.” Cunningham v. Riley,

169 N.C. App. 600, 602, 611 S.E.2d 423, 424, disc. rev. denied and appeal dismissed,

359 N.C. 850, 619 S.E.2d 405 (2005), cert. denied, 546 U.S. 1142, 163 L. Ed. 2d 1008

(2006).
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

¶ 19 Appellees argue the purchase of liability insurance does not constitute waiver

 of governmental immunity because the County Manager of Gaston County, Kim

 Eagle (“Eagle”), asserts in an affidavit that “the insurance purchased by Gaston

 County does not extend to those governmental functions for which governmental

 immunity would apply and does not operate as a waiver of the defense of

 governmental immunity.” We have previously interpreted similar provisions in

 liability insurance contracts. See Patrick v. Wake Cty. Dep’t of Human Servs., 188

 N.C. App. 592, 655 S.E.2d 920 (2008); Wright v. Gaston Cty., 205 N.C. App. 600, 698

 S.E.2d 83 (2010).

¶ 20 In Patrick, the plaintiff filed a complaint against the defendants in their official

 capacities as supervisors of the Child Protective Services of the Wake County

 Department of Human Services. Patrick, 188 N.C. App. at 593, 655 S.E.2d at 922.

 The insurance policy at issue there contained the following exclusion: “this policy

 provides coverage only for occurrences or wrongful acts for which the defense of

 governmental immunity is clearly not applicable or for which, after the defense[] is

 asserted, a court of competent jurisdiction determines the defense of governmental

 immunity not to be applicable.” Id. at 596, 655 S.E.2d at 923 (alteration omitted). In

 holding the exclusionary provision was clear and unambiguous and the defendants

 had not waived governmental immunity through the purchase of the policy, we

 stated:
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 If the language in an exclusionary clause contained in a
 policy is ambiguous, the clause is to be strictly construed in
 favor of coverage. If the meaning of the policy is clear and
 only one reasonable interpretation exists, the courts must
 enforce the contract as written; they may not, under the
 guise of construing an ambiguous term, rewrite the
 contract or impose liabilities on the parties not bargained
 for and found therein.

 Id. at 596-97, 655 S.E.2d at 924 (citations and marks omitted).

¶ 21 In Wright, the provision at issue stated:

 By accepting coverage under this policy, neither the
 insured nor States waive any of the insured’s statutory or
 common law immunities and limits of liability and/or
 monetary damages . . . , and States shall not be liable for
 any claim or damages in excess of such immunities and/or
 limits.

 Wright, 205 N.C. App. at 607, 698 S.E.2d at 89 (emphasis in original). We relied on

 our holding and reasoning in Patrick to conclude Gaston County did not waive

 governmental immunity. Id. at 607-08, 698 S.E.2d at 89-90.

¶ 22 Here, the Record reflects a liability insurance policy for Gaston County was in

 effect from 1 July 2015 to 1 July 2016. However, the insurance contract in its entirety

 is not contained in the Record and does not appear to have been presented to the trial

 court. A total of three pages from the actual policy are included in the Record,

 entitled: the Schedule of Forms and Endorsements, the Public Risk Liability Retained

 Limit Policy Declarations, and the “Wrongful Act” Claims-Made Coverage. These

 three pages do not contain the language of the coverage provisions or exclusion
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 provisions and their exact language does not appear anywhere else in the Record. In

 her affidavit, Eagle provided a parol summary of her interpretation of the policy:

 On the occurrence dates alleged in the Complaint and its
 amendments, Gaston County was self-insured up to
 $250,000[.00] and had certain excess liability insurance . .
 . that comes into effect for certain incidents after
 $250,000[.00] has been expended by the County on each
 such incident. However, the insurance purchased by
 Gaston County does not extend to those governmental
 functions for which governmental immunity would apply
 and does not operate as a waiver of the defense of
 governmental immunity.

 While Appellees’ motion for summary judgment indicates reliance on discovery

 responses, nothing in the Record indicates presentation of the insurance contract to

 the trial court for examination of its contents.

¶ 23 The lack of the insurance contract and exclusionary language in the Record

 restricts us from determining the existence of coverage for the alleged acts of Gaston

 County or Hopper in his official capacity.

 Once the moving party has made and supported its motion
 for summary judgment, section (e) of Rule 56 provides that
 the burden is then shifted to the non-moving party to
 introduce evidence in opposition to the motion, setting
 forth specific facts showing that there is a genuine issue for
 trial. At [that] time, the non-movant must come forward
 with a forecast of his own evidence.

 Crowder Constr. Co. v. Kiser, 134 N.C. App. 190, 196, 517 S.E.2d 178, 183 (marks

 omitted), disc. rev. denied, 351 N.C. 101, 541 S.E.2d 142 (1999). The Clines, as the
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 non-moving party, had the burden to produce the insurance contract to allow an

 examination of Gaston County’s potential waiver of governmental immunity.

¶ 24 The Clines failed to forecast evidence showing the existence of a genuine issue

 of material fact as to whether Appellees waived governmental immunity to the extent

 of Gaston County’s insurance coverage. The entry of summary judgment in favor of

 Gaston County and Hopper, in his official capacity, was proper. However, the claims

 against Hopper, in his individual capacity, are controlled by separate caselaw, which

 is addressed below.

 C. Claims Against Hopper in His Individual Capacity

¶ 25 The Clines argue Hopper’s position as an Environmental Health Administrator

 is a public employee, rather than a public official, and therefore he is not entitled to

 public official’s immunity. We agree.

¶ 26 The defense of public official’s immunity is a “derivative form” of governmental

 immunity. Epps v. Duke Univ., Inc., 122 N.C. App. 198, 203, 468 S.E.2d 846, 850,

 disc. rev. denied, 344 N.C. 436, 476 S.E.2d 115 (1996). Public official’s immunity

 precludes suits against public officials in their individual capacities and protects

 them from liability “[a]s long as a public officer lawfully exercises the judgment and

 discretion with which he is invested by virtue of his office, keeps within the scope of

 his official authority, and acts without malice or corruption[.]” Smith v. State, 289

 N.C. 303, 331, 222 S.E.2d 412, 430 (1976).
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

¶ 27 “It is settled law in this jurisdiction that a public official, engaged in the

 performance of governmental duties involving the exercise of judgment and

 discretion, may not be held personally liable for mere negligence in respect thereto.”

 Meyer, 347 N.C. at 112, 489 S.E.2d at 888. “An employee, on the other hand, is

 personally liable for negligence in the performance of his or her duties proximately

 causing an injury.” Reid v. Roberts, 112 N.C. App. 222, 224, 435 S.E.2d 116, 119, disc.

 rev. denied, 335 N.C. 559, 439 S.E.2d 151 (1993). “Public officials receive immunity

 because it would be difficult to find those who would accept public office or engage in

 the administration of public affairs if they were to be personally liable for acts or

 omissions involved in exercising their discretion.” Isenhour v. Hutto, 350 N.C. 601,

 610, 517 S.E.2d 121, 127 (1999) (marks omitted).

 Our courts have recognized several basic distinctions
 between a public official and a public employee, including:
 (1) a public office is a position created by the constitution
 or statutes; (2) a public official exercises a portion of the
 sovereign power; and (3) a public official exercises
 discretion, while public employees perform ministerial
 duties.

 Id. We are guided by the factors set forth in Isenhour and our prior holdings to

 determine whether Hopper, as an Environmental Health Administrator for a local

 county department of health, is a public official entitled to immunity or a public

 employee.
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

¶ 28 We begin our analysis by addressing the first factor, whether the position of

 Environmental Health Administrator is “created by the constitution or statutes[.]”

 Id. “A position is considered ‘created by statute’ when ‘the officer’s position has a

 clear statutory basis or the officer has been delegated a statutory duty by a person or

 organization created by statute’ or the Constitution.” Baker v. Smith, 224 N.C. App.

 423, 428, 737 S.E.2d 144, 148 (2012) (alteration omitted) (quoting Fraley v. Griffin,

 217 N.C. App. 624, 627, 720 S.E.2d 694, 696 (2011), cert. denied, 367 N.C. 234, 748

 S.E.2d 552 (2013)).

¶ 29 We have previously decided the positions of “Environmental Health

 Specialists” and “Environmental Health Supervisors” for a county health department

 are not created by statute. See Murray v. Cty. of Person, 191 N.C. App. 575, 580, 664

 S.E.2d 58, 61-62 (2008), disc. rev. denied, 363 N.C. 129, 673 S.E.2d 360 (2009); Block

 v. Cty. of Person, 141 N.C. App. 273, 281-82, 540 S.E.2d 415, 421-22 (2000). However,

 whether an “Environmental Health Administrator” is a position created by statute is

 a question of first impression.

¶ 30 Hopper points to N.C.G.S. § 130A-41(b)(12) and N.C.G.S. § 130A-227(a) in

 arguing his position is created by statute. See N.C.G.S. §§ 130A-41(b)(12), 130A-

 227(a) (2019). N.C.G.S. § 130A-41(b)(12) authorizes the powers and duties of local

 health directors, including the power and duty “[t]o employ and dismiss employees of

 the local health department in accordance with [N.C.G.S. Chapter 126]” and N.C.G.S.
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 § 130A-227(a) authorizes the Department of Health and Human Services to “employ

 environmental engineers, sanitarians, soil scientists and other scientific personnel

 necessary to carry out the sanitation provisions of this Chapter and the rules of the

 Commission.” N.C.G.S. §§ 130A-41(b)(12), 130A-227(a) (2019). These statutes

 authorize and regulate the hiring of certain employees, but do not operate, either on

 their own or in conjunction, to create the position of Environmental Health

 Administrator. There is no “clear statutory basis” for the position of Environmental

 Health Administrator. Baker, 224 N.C. App. at 428, 737 S.E.2d at 148.

¶ 31 However, “[o]ur case law makes clear that where a statute expressly creates

 the authority to delegate a duty, a person or organization who is delegated and

 performs the duty on behalf of the person or organization in whom the statute vests

 the authority to delegate passes the first [] Isenhour factor.” McCullers v. Lewis, 265

 N.C. App. 216, 223, 828 S.E.2d 524, 532 (2019); see, e.g., Baker, 224 N.C. App. at 428-

 30, 737 S.E.2d at 148-49 (emphasis in original) (holding where the relevant statutes

 (1) gave the constitutionally-created Sheriff the duty to take “care and custody of the

 jail” and (2) provided the sheriff with authority to “appoint a deputy or employ others

 to assist him in performing his official duties[,]” assistant jailers “are delegated [a]

 statutory duty . . . by the [S]heriff – a position created by our Constitution” satisfying

 the first Isenhour factor); Hobbs v. N.C. Dep’t of Human Res., 135 N.C. App. 412, 421-

 22, 520 S.E.2d 595, 602 (1999) (holding because the relevant statute gave the director
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 of social services the authority to “delegate to one or more members of his staff the

 authority to act as his representative[,]” social workers were acting as public officials

 for public official immunity purposes); Cherry v. Harris, 110 N.C. App. 478, 480-81,

 429 S.E.2d 771, 772-73 (holding a forensic pathologist who conducted an autopsy and

 prepared reports in response to an official request by a county medical examiner

 satisfied the first factor of the Isenhour test because the medical examiner, a position

 created by statute, “had the statutory authority pursuant to [N.C.G.S.] § 130A-389(a)

 [] to order [] an autopsy be performed by a pathologist . . . designated by the Chief

 Medical Examiner), disc. rev. denied, 335 N.C. 171, 436 S.E.2d 371 (1993). In Baker,

 Hobbs, and Cherry, we pointed directly to a statute that authorized a constitutionally

 or statutorily created position or organization to delegate its statutory authority to

 another individual.

¶ 32 The Clines argue N.C.G.S. § 130A-41(b)(12) lacks language to indicate there

 is a statutory delegation of authority to sufficiently pass the first Isenhour factor.

 Before the trial court, Hopper argued there is “delegation of the authority to enforce

 the commission for health services sanitation rules as required by the administrative

 code,” and this “delegation of authority to do the very acts of which [the Clines]

 complained” is sufficient to pass the first Isenhour factor. The only support for

 Hopper’s argument before the trial court was a letter dated 8 May 1995 from the
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

North Carolina Department of Environment, Health and Natural Resources

(“DEHNR”) stating:

 Attached is the authorization/identification card for Mr.
 Norman Curtis Hopper, Environmental Health Specialist,
 employed by [Gaston County Health Department]. Please
 give the card to Mr. Hopper with instructions that it must
 be available at all times for identification during official
 business.

 The authorization for On-Site Wastewater delegates
 authority to administer and enforce the laws in [N.C.G.S.]
 Chapter 130A, Article 11 and the rules promulgated
 thereunder in the North Carolina Administrative Code
 Title 15A- Subchapter 18A.1900 et seq.

 Rules governing the “Delegation of Authority to Enforce
 Commission for Health Services’ Sanitation Rules” require,
 in 15A NCAC 18A.2302(1), that individuals who are
 delegated authority be employed by a local health
 department. In the event that Mr. Hopper is no longer
 employed by [Gaston County Health Department],
 delegation of authority to enforce state laws and rules in
 the Gaston County is immediately suspended. At that
 time, the authorization/identification card must be
 forwarded to this office.

However, in May 1995, Hopper was employed in the position of Environmental

Health Specialist,5 a role we have previously held to be a public employee. See Block,

141 N.C. App. at 282, 540 S.E.2d at 421-22 (citations and marks omitted) (“Our courts

 5 Hopper was employed as an “[E]nvironmental [H]ealth [S]pecialist [I]ntern” in 1990

with Gaston County. In 1992, his role changed to “[E]nvironmental [H]ealth [S]pecialist.”
Around 1999 or 2000, Hopper became a “supervisor/coordinator,” and then in 2002 became
“the [D]epartment [A]dministrator for [E]nvironmental [H]ealth,” his current role.
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 have held that a supervisor of the Department of Social Services is a public employee.

 Similarly, a supervisor for the Health Department is a public employee, as is a

 specialist, who is a subordinate of the supervisor. As such, these employees may be

 held personally liable for the negligent performance of their duties that proximately

 caused foreseeable injury.”). The forecasted evidence, to wit Hopper’s letter from

 DEHNR regarding his position as Environmental Health Specialist, does not create

 a genuine issue of material fact as to Hopper’s ability to invoke public official’s

 immunity. As Hopper made no other delegation argument before the trial court, we

 hold there is no statutory authorization for the delegation of a duty in his position as

 Environmental Health Administrator.

¶ 33 Since the statutes cited by Hopper neither provide a clear statutory basis for

 the position of Environmental Health Administrator nor allow a person or

 organization created by statute to delegate any statutory duties to Environmental

 Health Administrators, Hopper has failed to establish his position was created by

 statute. As the first factor is not met, we need not reach the other two Isenhour

 factors. See Leonard v. Bell, 254 N.C. App. 694, 705, 803 S.E.2d 445, 453 (2017)

 (“Because we hold that [the] defendants’ positions are not created by statute, we need

 not address the remaining elements to reach the conclusion that [the] defendants are

 not public officials entitled to immunity.”). The trial court erred in granting summary
 CLINE V. JAMES BANE HOME BUILDING, LLC, ET AL.

 2021-NCCOA-266

 Opinion of the Court

 judgment to Hopper, in his individual capacity, on the basis of public official’s

 immunity and we reverse.

 CONCLUSION

¶ 34 The Clines did not meet their burden of production to show Gaston County and

 Hopper, in his official capacity, waived governmental immunity through the purchase

 of liability insurance. The trial court properly granted Appellees’ motion for

 summary judgment in regards to Gaston County and Hopper, in his official capacity.

¶ 35 Hopper is a public employee and not a public official. His position as

 Environmental Health Administrator was not created by statute and the only

 argument he advanced at the trial court as to delegation fails based on our decision

 in Block. As such, he is not protected by public official’s immunity and the trial court

 erred in granting summary judgment to Hopper, in his individual capacity, on the

 basis of public official’s immunity.

 AFFIRMED IN PART; REVERSED IN PART.

 Judges DILLON and ARROWOOD concur.